**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CHARLEY TOPPINO AND SONS, INC., Respondent.**

**No. 20522.**

United States Court of Appeals
Fifth Circuit.
May 20, 1964.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, James McConnell Harkless, Arnold Ordman, Gen. Counsel, Melvin Pollack, Atty., N.L.R.B., Washington, D. C., for petitioner.

Ray C. Muller, Fisher & Phillips, Atlanta, Ga., for respondent.

Before RIVES, Circuit Judge, and HUNTER, District Judge.[*]

PER CURIAM.

The Board petitions for enforcement of its order issued against respondent.[1] The Board found that the respondent violated section 8(a) (1) of the Act, 29 U.S.C.A. 158(a) (1), by unlawfully threatening and interrogating its em-

ployees regarding their union membership and activities, and by promising them benefits to refrain from such activities. The Board further found that the respondent violated sections 8(a) (1) and (3), 29 U.S.C.A. 158(a) (1) and (3), by discharging employees Sam Cagnina, Raymond Beiro, Leroy Jordan, and Manuel Carmona because of their activity on behalf of the Union. In reaching its conclusion as to Manuel Carmona, the Board found that he was not a supervisor within the meaning of section 2(11) of the Act, 29 U.S.C.A. 152(11).[2] The Board's order requiring the respondent to cease and desist from the unfair labor practices found is in the usual form. Affirmatively, the Board's order requires respondent to reinstate Cagnina, Beiro, Jordan, and Carmona with back pay, and to post appropriate notices.

■■ The questions presented are whether substantial evidence on the record as a whole supports the Board's findings. See section 10(e) of the Act, 29 U.S.C.A. 160(e). We are convinced that all of the Board's findings are so supported, except for its finding that Manuel Carmona was not a supervisor. As to the last-mentioned finding, Carmona admitted that he had effectively recommended an employee's raise of pay, had selected truck drivers to work overtime, and had given "friendly advice" to truck drivers as to the work they should do when not driving, which advice was always heeded. There was also strong evidence that Carmona responsibly directed employees how to perform their duties. Carmona's immediate predecessor and successor testified to the supervisory nature of the job. On the record as a whole we find no substantial evidence that Carmona was not a super-

---

[*] Sitting by designation. Cameron, Circuit Judge, also participated in the hearing and consideration of this case but died on April 3, 1964, before its decision.

1. The Board's Decision and Order are reported at 138 NLRB 1247.

2. "The term 'supervisor' means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment."

visor. No useful purpose would be served by a more detailed statement of the evidence.

The Board's order will be enforced except as to that part of the order directing the reinstatement of Manuel Carmona, as to which enforcement is denied.

Enforced in part and denied in part.